1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HUPP,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br><br>COUNTY OF SAN DIEGO;<br>ALBERTSON AND DAVIDSON,<br>LLP; JAMES PATRICK ROMO;<br>THEODORE STEPHEN DRCAR;<br>JUDITH I. BEYL; STEWART<br>RICHARD ALBERTSON; KEITH A<br>DAVIDSON; BYRON KEITH<br>HUSTED; ROES 1-10,<br><br>　　　　　　　　　　Defendants. | CASE NO. 13cv2655-GPC(RBB)<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO<br>PROCEED *IN FORMA PAUPERIS;***<br><br>**(2) DISMISSING SUA SPONTE<br>FOR FAILURE TO STATE A<br>CLAIM AND LACK OF SUBJECT<br>MATTER JURISDICTION;**<br><br>[Dkt. No. 2.] |

On November 4, 2013, Plaintiff Paul Hupp, proceeding *pro se*, commenced this action against Defendants County of San Diego, Albertson and Davidson LLP, James Patrick Romo, Theodore Stephen Drcar, Judith I. Beyl, Stewart Richard Albertson, Keith A. Davidson, Byron Keith Husted, and Roes 1-10 alleging violations of constitutional and civil rights. (Dkt. No. 1.) Plaintiff concurrently filed a motion to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a).  For the following reasons, the Court GRANTS Plaintiff's motion to proceed IFP, but *sua sponte* DISMISSES Plaintiff's Complaint for failure to state a claim and lack of federal jurisdiction.

**DISCUSSION**

**I. Motion to Proceed IFP**

Plaintiff moves to proceed IFP under 28 U.S.C. § 1915(a). Section 1915(a) allows a court to authorize a lawsuit's commencement without payment of the filing fee if the plaintiff submits an affidavit demonstrating his or her inability to pay the filing fee. 28 U.S.C. § 1915(a). Such affidavit must include a complete statement of the plaintiff's assets. Id. However, an IFP action is subject to dismissal if the court determines that the complaint is frivolous or malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2).  When a plaintiff moves to proceed IFP, the court first "grants or denies IFP status based on the plaintiff's financial resources alone and then independently determines whether to dismiss the complaint" pursuant to § 1915(e)(2).  Franklin v. Murphy, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984).

Here, Plaintiff has submitted an affidavit in support of Plaintiff's IFP motion indicating Plaintiff is unemployed, receives family financial support of $150 per month, has no checking or savings accounts, owes $90,000 in current obligations, owns one 1986 Nissan pick-up truck that does not run, and owns no other real or personal property. Based on these facts, the Court finds that Plaintiff meets the section 1915(a) requirements and GRANTS Plaintiff's motion to proceed IFP.

**II. *Sua Sponte* Dismissal for Failure to State a Claim**

Notwithstanding IFP status, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the

1  court to *sua sponte* dismiss an IFP complaint that fails to state a claim).

2      "[W]hen determining whether a complaint states a claim, a court must accept

3  as true all allegations of material fact and must construe those facts in the light most

4  favorable to the plaintiff."  Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000);

5  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2)

6  "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); see also

7  Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). In addition, the Court has a

8  duty to liberally construe a pro se's pleadings, see Karim-Panahi v. Los Angeles

9  Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in

10 civil rights cases." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). In

11 giving liberal interpretation to a pro se civil rights complaint, however, the court

12 may not "supply essential elements of claims that were not initially pled." Ivey v.

13 Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

14     Undertaking this *sua sponte* review, the Court finds that Plaintiff's Second

15 Cause of Action, alleging County of San Diego liability under 42 U.S.C. § 1983 for

16 denial of access to a law library while in San Diego County custody, fails to state a

17 claim upon which relief can be granted. (Compl. ¶¶ 95-97.) Section 1983 imposes

18 two essential proof requirements upon a claimant:  (1) that a person acting under

19 color of state law committed the conduct at issue, and (2) that the conduct deprived

20 the claimant of some right, privilege, or immunity protected by the Constitution or

21 laws of the United States.  See 42 U.S.C. § 1983; Nelson v. Campbell, 541 U.S. 637

22 (2004); Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc). "A

23 plaintiff must allege facts, not simply conclusions, that show that an individual was

24 personally involved in the deprivation of his civil rights." Barren v. Harrington, 152

25 F.3d 1193, 1194 (9th Cir. 1998).

26     Here, Plaintiff's Second Cause of Action alleges Constitutional violations

27 from the County's "denial of, including but not limited to, access to a law library

28 while [Plaintiff] was in COUNTY'S custody." (Compl. ¶ 95.) Taking Plaintiff's

[13cv2655-GPB(RBB)]

1  allegations as true, Plaintiff has neither demonstrated that there was state action, see

2  42 U.S.C. § 1983; Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n,

3  531 U.S. 288, 295 (2001), nor has he presented any facts to support a claim

4  regarding his specific allegations of constitutional violations. For example, Plaintiff

5  fails to allege facts such as: the timing or length of Plaintiff's custody; the County

6  employees who allegedly caused the deprivation; or even the timing or length of the

7  alleged deprivations.[1]

8  **III. *Sua Sponte* Dismissal for Lack of Federal Jurisdiction**

9        In addition, it is well established that a federal court cannot reach the merits

10  of any dispute until it confirms that it retains subject matter jurisdiction to

11  adjudicate the issues presented.  See Steel Co. v. Citizens for a Better Environ., 523

12  U.S. 83, 94-95 (1998).  Accordingly, federal courts are under a continuing duty to

13  confirm their jurisdictional power and are "obliged to inquire *sua sponte* whenever a

14  doubt arises as to [its] existence . . . ." Mt. Healthy City Sch. Dist. Bd. of Educ. v.

15  Doyle, 429 U.S. 274, 278 (1977)  (citations omitted).

16        Federal courts are courts of limited jurisdiction. Unlike state courts, they

17  have no 'inherent' or 'general' subject matter jurisdiction. They can adjudicate only

18  those cases which the Constitution and Congress authorize them to adjudicate, i.e.

19  those involving diversity of citizenship, a federal question, or to which the United

20  States is a party.  See Finley v. United States, 490 U.S. 545 (1989).  Federal courts

21  are presumptively without jurisdiction over civil actions and the burden of

22  establishing the contrary rests upon the party asserting jurisdiction. See Kokkonen

23  v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).

24        Plaintiff's Complaint alleges ten total causes of action: (1) 42 U.S.C. § 1983

25

26  [1]The Court notes that Plaintiff provided notice in the Complaint that the Second
Cause of Action is "directly related to Cause of Action XI in the Third Amended

27  Complaint of Hupp v. San Diego County et al., Case No.: 12-cv-492 GPC (RBB)
currently pending in this District with the Honorable Gonzalo Paul Curiel." (Compl.

28  at 1) (emphasis in original). However here, as on a motion to dismiss, the Court
confines its review to the allegations contained in the Complaint at issue. See Ernest
W. Hahn, Inc. v. Codding, 615 F.2d 830, 841 (9th Cir. 1980).

liability for malicious prosecution against all Defendants; (2) 42 U.S.C. § 1983 liability for denial of access to the courts against the County of San Diego; (3) 42 U.S.C. § 1983 liability for conspiracy related to malicious prosecution against all defendants; (4)-(8) 42 U.S.C. § 1983 liability for gross negligence in the hiring, training, supervision, discipline, and retention of District Attorneys against the County of San Diego; (9) malicious prosecution in violation of California state law as to all Defendants; and (10) intentional infliction of emotional distress in violation of California state law as to all Defendants.

Plaintiff claims this Court has original jurisdiction over Plaintiff's alleged 42 U.S.C. § 1983 causes of action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. (Compl. ¶¶ 18-20.) Plaintiff further claims this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. (Compl. ¶ 21.) For the following reasons, the Court finds that Plaintiff's Complaint fails to raise a federal question sufficient to invoke federal court jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Furthermore, because none of Plaintiff's claims arise under the original jurisdiction of this Court, the Court declines to extend supplemental jurisdiction over Plaintiff's state law claims and dismisses Plaintiff's Complaint in its entirety.

### A.    Malicious Prosecution

The First and Third Causes of Action alleged in Plaintiff's Complaint seek to hold private and County-employed attorneys as well as the County of San Diego liable for "malicious prosecution." (Compl. ¶¶ 74-94, 98-106.) Plaintiff alleges Defendants brought, and conspired to bring, a "Vexatious Litigant" motion against Plaintiff in a civil case, "in order to violate Plaintiff's constitutionally protected rights under the First and Fourteenth Amendment." (Compl. ¶¶ 58-72, 74-94, 98-106.) Plaintiff seeks to impose liability under 42 U.S.C. § 1983 for the alleged constitutional violations. (Id. ¶¶ 89-90, 104-105.)

Section 1983 provides the only private remedy under federal law for persons

claiming deprivation of "rights, privileges, or immunities secured to them by the Constitution and laws" by state actors. 42 U.S.C. § 1983; <u>Carey v. Piphus</u>, 435 U.S. 247, 253 (1978). However, allegations of malicious prosecution through civil proceedings do not support a section 1983 claim. <u>Paskaly v. Seale</u>, 506 F.2d 1209, 1212 (9th Cir. 1974) (rejecting a 1983 claim for malicious prosecution in a civil proceeding because "[m]alicious prosecution . . . is a concept applicable only in criminal proceedings."); <u>Howard Gault Co. v. Texas Rural Legal Aid, Inc.</u>, 615 F. Supp. 916, 938 (N.D. Texas 1985) ("To the extent that [plaintiff's] malicious prosecution claim is cognizable under § 1983 . . . [plaintiff] cannot prevail because the state court proceeding was civil, not criminal."), *rev'd in part on other grounds*, 848 F.2d 544 (5th Cir. 1989). Furthermore, "the tort of malicious prosecution, without more, does not constitute a civil rights violation." <u>Paskaly</u>, 506 F.2d at 1212.

Because Plaintiff's allegations of malicious prosecution occurred in a civil case, (Compl. ¶¶ 47-78), Plaintiff's claim is not actionable under section 1983 and therefore fails to raise a federal question. The Court lacks original jurisdiction to adjudicate Plaintiff's claim for malicious prosecution under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

### B.   <u>Monell</u> Causes of Action

Plaintiff's Fourth through Eighth Causes of Action allege gross negligence by the County of San Diego for failure to hire, train, discipline, and retain District Attorneys in a manner that would prevent malicious prosecution of the type allegedly committed by Defendant Deputy District Attorney James Romo. (Compl. ¶¶ 107-148.) A local government may be sued under section 1983 for "action pursuant to official municipal policy of some nature [that] caused a constitutional tort." <u>Santos ex rel. Santos v. City of Culver City</u>, 228 Fed. Appx. 655, 659 n.1 (9th Cir. 2007) (quoting <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 691 (1978) (internal quotation marks omitted). Here, Plaintiff claims malicious prosecution as

[13cv2655-GPB(RBB)]

the underlying Constitutional tort for which he seeks to hold the County of San Diego liable under section 1983. As explained above, malicious prosecution claims in civil cases are not actionable under section 1983. Accordingly, the Court lacks original jurisdiction to adjudicate the Fourth through Eighth Causes of Action in Plaintiff's Complaint under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

### D. Supplemental Jurisdiction

Plaintiff's Ninth and Tenth Causes of Action allege malicious prosecution and intentional infliction of emotional distress under California state law. (Compl. ¶¶ 149-169.) However, as federal subject matter jurisdiction is lacking, the Court declines to exercise supplemental jurisdiction over these state law claims. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1998) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendant jurisdiction doctrine judicial economy, convenience, fairness, and comity - will point toward declining to exercise jurisdiction over the remaining state-law claims."). Thus, the Court dismisses Plaintiff's claims for malicious prosecution and intentional infliction of emotional distress under California law.

### CONCLUSION AND ORDER

For the foregoing reasons, Plaintiff has failed to allege facts sufficient to support a federal claim for relief. **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a), (Dkt. No. 2), is **GRANTED**.

2. Plaintiff's Second Cause of Action in Plaintiff's Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

3. Plaintiff's First and Third through Tenth Causes of Action in Plaintiffs' Complaint are **DISMISSED** without prejudice for lack of federal subject matter jurisdiction.

[13cv2655-GPB(RBB)]

4.     However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is stamped "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading.  <u>See</u> S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed waived.  <u>See</u> <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987). Failure to file an amended complaint by this date may result in dismissal with prejudice.

IT IS SO ORDERED.

DATED:  January 8, 2014

HON. GONZALO P. CURIEL
United States District Judge

- 8 -