**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

PAUL HUPP,

Plaintiff,

vs.

COUNTY OF SAN DIEGO et al.,

Defendants.

CASE NO. 13cv2655-GPC(RBB)

**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND 28 U.S.C. § 1915A(b)**

[Dkt. No. 9.]

On November 4, 2013, nonprisoner Plaintiff Paul Hupp, proceeding *pro se*, commenced this action against Defendants County of San Diego, Albertson and Davidson LLP, James Patrick Romo, Theodore Stephen Drcar, Judith I. Beyl, Stewart Richard Albertson, Keith A. Davidson, Byron Keith Husted, and Roes 1-10 alleging violations of constitutional and civil rights. (Dkt. No. 1.) Plaintiff concurrently filed a motion to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a). On January 8, 2014, the Court granted Plaintiff's motion to proceed IFP, but dismissed Plaintiff's Complaint pursuant to the sua sponte screening provisions of 28 U.S.C. § 1915(a). (Dkt. No. 6.) The Court granted Plaintiff forty-five days to file an Amended Complaint. On March 25, 2014, Plaintiff filed a First Amended Complaint. (Dkt. No. 9.) For the following reasons, the Court DISMISSES WITHOUT PREJUDICE Plaintiff's First Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

**DISCUSSION**

**I. Legal Standard**

Any complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the Court, if it finds the complaint is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); see also Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). In addition, the Court has a duty to liberally construe a pro se's pleadings, see Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

**II. Discussion**

Undertaking this *sua sponte* review, the Court finds that Plaintiff's First Amended Complaint fails to state a claim under 42 U.S.C. § 1983 upon which relief can be granted and declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's Complaint alleges ten total causes of action: (1) 42

U.S.C. § 1983 liability for violation of Plaintiff's First and Fourteenth Amendment rights due to filing of a "vexatious litigant" motion; (2) 42 U.S.C. § 1983 liability for denial of access to the courts against the County of San Diego; (3) 42 U.S.C. § 1983 liability for conspiracy related to the filing of a "vexatious litigant" motion against all defendants; (4)-(8) 42 U.S.C. § 1983 liability for gross negligence in the hiring, training, supervision, discipline, and retention of District Attorneys against the County of San Diego; (9) declaratory and injunctive relief against California Superior Court Judge Edward D. Webster; (10) malicious prosecution in violation of California state law as to all Defendants; and (11) intentional infliction of emotional distress in violation of California state law as to all Defendants. The Court addresses Plaintiff's allegations related to each cause of action in turn.

**A. First and Third Causes of Action: Vexatious Litigant Motion**

Plaintiff's First and Third Causes of Action seek to hold Defendants liable under 42 U.S.C. § 1983 for filing and conspiracy to file a "vexatious litigant" motion against Plaintiff in Plaintiff's state court case despite "constructive and actual knowledge" that the motion had been filed, argued, and denied by a federal judge in a separate federal case. (Dkt. No. 9, First Amended Compl. ["FAC"] ¶¶ 113-14.) Plaintiff alleges "DEFENDANTS knew their conduct was illegal but engaged in it in spite of this fact" and that "[n]o reasonable person would have filed a 'Vexatious Litigant' motion against Plaintiff [in state court] knowing the exact same 'Vexatious Litigant' motion had been filed, argued, decided, and **denied**, on the **merits** by a **presiding** federal judge within the prior year." (FAC ¶ 118) (emphases in original). Plaintiff alleges the filing of the vexatious litigant motion "infers actual malice, and violates Plaintiff's constitutionally protected rights." (Id. ¶ 119.)

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity

protected by the Constitution or laws of the United States. See 42 U.S.C. § 1983; Nelson v. Campbell, 541 U.S. 637 (2004); Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Here, taking Plaintiff's allegations as true, Plaintiff has failed to allege a violation of a right, privilege, or immunity protected by the Constitution or laws of the United States. As an initial matter, Plaintiff claims "DEFENDANTS knew their conduct was illegal," (FAC ¶ 118), but does not allege which local, state, or federal law Defendants' alleged conduct violated. The closest Plaintiff comes to alleging a rights violation is a broad assertion of "denial of access to the courts under the 1st Amendment and denial of due process rights under the 14th Amendment." (FAC at 26.) Plaintiff's claim is essentially that Defendants' filing and granting of a vexatious litigant motion denied Plaintiff access to the courts.

However, "vexatious litigant" motions are expressly provided for by California state statute. Cal. Code Civ. P. §§ 391 *et seq*. Under the vexatious litigant statute, defendants can move for an order requiring security by showing that "the plaintiff is a vexatious litigant and has no reasonable probability of prevailing." Wolfe v. George, 486 F.3d 1120, 1124 (9th Cir. 2007). Furthermore, state and federal courts have repeatedly upheld the California "vexatious litigant" statutory scheme against Constitutional challenges. Wolfe, 486 F.3d at 1125 ("A long line of California decisions upholds [the vexatious litigant statutory scheme] against constitutional challenges . . . We see no reason to disagree with them."). Plaintiff's allegations that Defendants violated the Constitution by exercising the rights provided for by the vexatious litigant statute are therefore foreclosed by precedent upholding the statutory scheme.

Accordingly, the Court finds Plaintiff has failed to allege a deprivation of a right, privilege, or immunity protected by the Constitution or laws of the United

States sufficient to support a claim under section 1983 and DISMISSES Plaintiff's First and Third Causes of Action challenging Defendants' filing of a vexatious litigant motion against him.

**B. Second Cause of Action: Denial of Access to Law Library**

Plaintiff's Second Cause of Action alleges County of San Diego liability under 42 U.S.C. § 1983 for denial of access to a law library while Plaintiff was in San Diego County custody. (FAC at 32.) Plaintiff notes on the first page of his First Amended Complaint that "Cause of Action II of this Complaint is directly related to Cause of Action XI in the Third Amended Complaint of Hupp. v. San Diego County et al., Case No.: 12-cv-492 GPC (RBB) currently pending in this District with the Honorable Gonzalo Paul Curiel." (Id. at 1.) Having reviewed Plaintiff's Second Cause of Action as alleged in his First Amended Complaint in the present matter, the Court finds that it contains claims that Plaintiff is already litigating in his other matter before this Court. A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

A plaintiff's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). Because it appears Plaintiff is already litigating the law library-related claim presented in the instant action in Hupp. v. San Diego County et al., Case No.: 12-cv-492 GPC (RBB), the Court hereby dismisses the Second Cause of Action in Plaintiff's First Amended Complaint as frivolous. See Cato, 70 F.3d at 1105 n.2.

**C. Fourth through Eighth Causes of Action**

Plaintiff's Fourth through Eighth Causes of Action allege gross negligence by the County of San Diego for failure to hire, train, supervise, discipline, and retain

District Attorneys in a manner that would prevent Constitutional violations of the type allegedly committed by Defendant Deputy District Attorney James Romo. (FAC ¶¶ 151-93.) A local government may be sued under section 1983 for "action pursuant to official municipal policy of some nature [that] caused a constitutional tort." Santos ex rel. Santos v. City of Culver City, 228 Fed. Appx. 655, 659 n.1 (9th Cir. 2007) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978) (internal quotation marks omitted). Here, Plaintiff claims "conspiracy to deny civil rights" as the underlying Constitutional tort for which he seeks to hold the County of San Diego liable under section 1983. As explained above, Plaintiff's theory that Defendants filed and conspired to file "vexatious litigant" motions is not actionable under section 1983. Accordingly, Plaintiff has failed to state a claim for "gross negligence" against the County of San Diego, and the Court DISMISSES Plaintiff's Fourth through Eighth Causes of Action.

**D. Ninth Cause of Action: Declaratory and Injunctive Relief**

Plaintiff's Ninth Cause of Action seeks declaratory and injunctive relief against Defendant California Superior Court Judge Edward D. Webster for "refusing to follow federal and state law" and "allowing evidence . . . That is not authenticated and is third party hearsay, to be based upon and in support of his order declaring Plaintiff a 'Vexatious Litigant'." (FAC at 45-46.)

Under the Rooker-Feldman doctrine, a federal district court is prohibited from exercising jurisdiction over a suit that is "a de facto appeal from a state court judgment." Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004). A federal district court may not examine claims that are inextricably intertwined with state court judgments, "even where the party does not directly challenge the merits of the state court's decision but rather brings an indirect challenge based on constitutional principles." Bianchi v. Rylaarsdam, 334 F.3d 895, 900 & n.4 (9th Cir. 2003). See also Ignacio v. Judges of U.S. Court of Appeals, 453 F.3d 1160, 1165-66 (9th Cir. 2006) (affirming district court's dismissal of the case because "the

complaint is nothing more than another attack on the California superior court's determination . . . and the related determinations made by federal courts that they lack subject matter jurisdiction").

In the present case, plaintiff challenges Judge Webster's reasoning and evidentiary decisions leading to his order declaring Plaintiff a vexatious litigant. (See FAC ¶¶ 194-95.) The declaration and injunctive sought by Plaintiff with respect to the constitutionality of Judge Webster's decisions thus seek to "undo" a decision by the state court and constitute a "de facto appeal" barred under the Rooker Feldman doctrine. Kougasian, 359 F.3d at 1139; Bianchi, 334 F.3d at 900. Accordingly, the Court DISMISSES Plaintiff's Ninth Cause of Action for declaratory and injunctive relief.

**E. Tenth and Eleventh Causes of Action: State Law Claims**

Plaintiff's Ninth and Tenth Causes of Action allege malicious prosecution and intentional infliction of emotional distress under California state law. (Compl. ¶¶ 149-169.) However, as Plaintiff has failed to state a federal cause of action, the Court declines to exercise supplemental jurisdiction over these state law claims. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1998) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendant jurisdiction doctrine judicial economy, convenience, fairness, and comity - will point toward declining to exercise jurisdiction over the remaining state-law claims."). Thus, the Court dismisses Plaintiff's claims for malicious prosecution and intentional infliction of emotional distress under California law.

## III. Leave to Amend

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). A *pro se* litigant must be given notice of the deficiencies of the complaint and an opportunity to amend the complaint to state a claim unless the Court "determines that the pleadings could not

possibly be cured by the allegations of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv–Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez, 203 F.3d at 1127; Sony Corp. v. LG Electronics U.S.A., Inc., 768 F. Supp. 2d 1058, 1061 (C.D. Cal. 2011).

Here, although the Court is not convinced that Plaintiff's pleadings may be cured by amendment or allegations of other facts, the Court will allow Plaintiff one final opportunity to plead claims that survive the *sua sponte* screening provisions of 28 U.S.C. § 1915(e)(2)(B). Failure to cure the defects noted above and in the Court's previous Order Dismissing Plaintiff's Complaint, (Dkt. No. 6), may result in dismissal with prejudice.

**CONCLUSION AND ORDER**

For the foregoing reasons, Plaintiff has failed to allege facts sufficient to support a federal claim for relief. **IT IS HEREBY ORDERED** that Plaintiff's First Amended Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff is **GRANTED** thirty (30) days to file a Second Amended Complaint which cures the pleading deficiencies noted above. Plaintiff's Second Amended Complaint must be complete in itself without reference to the superseded pleading. See S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**IT IS SO ORDERED.**

DATED: June 25, 2014

HON. GONZALO P. CURIEL
United States District Judge